## Case No. 1,820.

### BRAY v. HARTSHORN.

[1 Cliff. 538; Merw. Pat. Inv. 316.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1860.

PATENTS—PATENTABILITY—NOVELTY — EXTENT OF CLAIM—DESCRIPTION AND SPECIFICATION—NEW TRIAL—VERDICT AGAINST THE EVIDENCE.

1. Where the claim rests upon the application of an old invention, process, or machine, &c., to a new use, the patent cannot be sustained.

2. New contrivances applied to old purposes are patentable. But particular changes may be made in the construction and operation of an old machine, so as to adapt it to a new and valuable use, when it may be the subject of letters-patent.

[Cited in Seymour v. Osborne, 11 Wall. (78 U. S.) 548.]

3. Such change may consist of a new and useful combination of the several parts of which it is composed; it may consist in a material alteration or modification of one or more of the several devices which enter into its construction; or it may consist in adding new devices.

4. Where the claim is of this kind, the patentee must distinguish the new from the old.

5. The claim in this case is for a new and useful method of balancing curtains in the manner and by the means described in the specification, to wit, by a new combination. It is not necessary that any one of the devices or elements so combined should be new, provided the combination is new, and produces a new and useful or a better result. The words "for the purpose," in the claim of the plaintiff's specification, were employed in combination with others, as descriptive of the operation of the described machine, and of the new and useful result it was adapted to produce, and not of any new use to which the machine was to be

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission. Merw. Pat. Inv. 316, contains only a partial report.]

applied. *Held,* that the plaintiff in this case had fully complied with the requirements of the act of July 4, 1836 [5 Stat. 119], in regard to the description and specification of his invention.

6. Where evidence is given on both sides, and the verdict of the jury is satisfactory to the court, no extended argument will be made by the court in disposing of a motion for a new trial.

[Cited in Hunt v. Pooke, Case No. 6,895.]

At law. Trespass on the case for the infringement of a patent right. Plaintiff [Benjamin Bray] was the patentee of an invention entitled a "certain new and useful improvement in spring rollers or fixtures for the hanging and balancing of house curtains, maps, and drawings, and for other similar uses." [Patent No. 11,638.] Defendant [Jacob Hartshorn] pleaded the general issue and also filed certain special defences. Among other things he set up that the plaintiff claimed as his invention that which was not patentable; that the specification of his claim and invention was void for uncertainty, and that the same was ambiguous because it did not distinguish what he claimed as new in his invention, from what was old. Plaintiff's letters-patent bore date the 5th of August [September], 1854; those of defendant, May 1, 1855.

At the trial both parties presented prayers for instructions to the jury. The instructions requested by the defendant were as follows: 1. That the claim of the plaintiff is not for a combination. 2. That the claim is for a new use of an old invention, to wit, the use of the old spiral spring in balancing a curtain in any position in which it may be placed, and is therefore void. 3. That if the claim of the plaintiff is held to be for a combination, then it is such for all the mechanical parts of the curtain-fixture as described in the specification of his patent. 4. That not having distinguished in his claim of a combination as to what parts of it are new and what old, his patent is void. 5. That there being no claim in the patent of the plaintiff that the cylinder and spring as in his specification described are new, they are therefore to be deemed old, and that if the plaintiff uses an improved spring, and not the old spring, then the defendant has not infringed. 6. That the claim of the plaintiff is void for uncertainty and ambiguity.

These requests the court refused, and instructed the jury as follows: 1. That a mere change of form and proportion of an old machine was not sufficient to entitle a party making such change to a patent, but if the change be such as required invention, and the machine produced a new and useful or better result, then the machine thus changed is the proper subject of a patent. 2. That, by the true construction of the plaintiff's patent, he did not claim the tubular or hollow curtain-roller as new, nor did he claim the large spiral spring as new, except

as provided and used in the combination described in his claim, for the purpose of balancing curtains in any position, substantially as therein set forth. 3. That what he did claim was, the providing the tubular or hollow curtain-roller with a long spiral spring within it, when the spring was used for the purpose of balancing the curtain in any position in which the curtain may be placed, substantially as described in the specification and drawings of his patent. 4. That the claim as set forth in his patent constituted a combination of the long spiral spring with the tubular or hollow curtain-roller, and the weighted bar or tassel, as described in the specification, when constructed and fitted as described, within the roller, for the purpose of balancing the curtains in any position, substantially in the manner described. 5. That the plaintiff claims the long spiral spring as new, when thus constructed, fitted, and used in that combination for the purpose of balancing curtains in any position, substantially as described in his patent.

Under these instructions the jury returned a verdict for the plaintiff for five hundred dollars. Motion for a new trial was filed by the defendants, and under the motion, in addition to certain reasons already set forth in his requests for instructions, alleged that the verdict of the jury was against the evidence. [Motion denied.]

William Whiting, for plaintiff.

The plaintiff's claim is for a new combination. Foote v. Silsby [Case No. 4,919]. Plaintiff disclaims what he says has been previously used. The structure of the invention, its operation, and the claim in its terms, are clear and intelligible. The claim of plaintiff's letters-patent was as follows: "Providing the tubular or hollow curtain-roller with a long spiral spring within it, when said spring is used for the purpose, not merely of drawing up the curtain by its recoil, as that is not new, but of balancing it in any position in which it may be placed, substantially as herein described."

E. M. Sawyer, for defendant.

CLIFFORD, Circuit Justice. Several positions are assumed by the defendant in support of his motion, which will be separately considered.

Adopting the views maintained at the trial, he still insists that by the true construction of the plaintiff's patent it is for a new use of an old invention, and of course, if that be so, then the instructions to the jury were erroneous, and the defendant is entitled to a new trial. Authorities are cited to show that a patent of that description cannot be sustained, but the authorities are not necessary to support the proposition as the principle, if taken as a general rule, is universally admitted to be correct. Invention or discovery is required as the proper founda-

tion of a patent, and, where both are wanting, the applicant cannot legally secure the privilege. Consequently, where the claim rests merely upon the application of an old machine to a new use or to a new purpose, or upon the application of an old process to a new result, the patent cannot be sustained, because the patentee under those circumstances has not invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvement on any art, machine, manufacture, or composition of matter not known or used by others, for which alone a patent can be legally granted. Judge Story held nearly twenty years ago, in Bean v. Smallwood [Case No. 1,173], that the application of an old machine to a new purpose was not patentable, and the same principle has since been adopted in the highest court in England, and by the supreme court of the United States. Kay v. Marshall, 8 Clark & F. 245; Phillips v. Page, 24 How. [65 U. S.] 167. New contrivances, though applied to old objects, are patentable, but old contrivances, whether the objects to which they are applied are new or old, are not patentable, because the mere application of the contrivance, without more, involves neither invention nor discovery, and when both those elements are wanting, no patent issued under existing laws can have any validity. Particular changes, however, may be made in the construction and operation of an old machine so as to adapt it to a new and valuable use not known before, and to which the old machine had not and could not be applied without those changes and under these circumstances and conditions, if the machine as changed and modified produces a new and useful result, it may be patented and upheld under existing laws. Losh v. Hague, Webst. Pat. Cas. 207; Hind. Pat. 95. Such change in an old machine may consist alone of a new and useful combination of the several parts of which it is composed, or it may consist of a material alteration or modification of one or more of the several devices which enter into its construction, or it may consist in adding new devices; and whether it be one or another of the suggested modifications, if the change of construction and operation actually adapt the machine to a new and valuable use, not known before, and to which the machine had not been applied, and, without the change suggested was not in any degree fitted to be applied, and actually produces a new and useful result, then the case falls within the rule already laid down, and a patent may be granted for the same and be upheld. Phillips v. Page, 24 How. [65 U. S.] 166; Norm. Pat. 25. Whenever the claim is of that character, it is necessary undoubtedly that the patentee should distinguish the new from the old, and point out in language intelligible to the practical mechanic in what the change consists which adapts the machine to the new use and gives it the capacity to produce the new and useful result.

Recurring to the language of the specification in this case, it will be seen that the claim is not for the new use of an old machine, in any sense in which that phrase is employed or understood in the decisions of the courts. What I claim therein, as new, says the patentee, and desire to secure by letters-patent, "is providing the tubular or hollow curtain-roller with a long spiral spring within it, when said spring is used for the purpose, not merely of drawing up the curtain by its recoil, as that is not new, but of balancing it in any position in which it may be placed, substantially as herein described." Evidently the plaintiff claims a new and useful mode or method of balancing curtains in the manner and by the means described in the specification of his patent. Taking the improvement as it is described in the patent, it consists of the following elements and devices in combination. First, the tubular or hollow curtain-roller which is described in the specification as having a device capable of being to a certain extent lengthened or shortened, to suit windows of different widths; second, the weighted bar or tassel; third, the long spiral spring adapted to the tubular roller as described in the specification, and capable of .balancing the curtain in any position in which it may be placed. He claims to be the original and first inventor of the combination described in his patent, and of course it is not absolutely necessary that any one of the elements or devices so combined should be new, provided the combination is new and produces a new and useful or better result. Having confined his claim to a mode of balancing curtains in the manner and by the means described, it is not sufficient to defeat his patent if it produces a new and useful result, to prove that other and different modes of balancing curtains were known prior to his invention. His patent, as limited and defined, cannot be defeated, unless it be shown that, prior to his invention, curtains had been balanced substantially in the same manner by substantially the same means, or mechanism so operating as to produce substantially the same result. Respectable authorities may be found which advance the doctrine that the new use of an old machine or invention may be so different from that to which the machine has been applied, and may so clearly produce a new article of machinery that the inventor or discoverer may be entitled to a patent, but it is not necessary to decide the point at the present time, and it is accordingly dismissed with the remark that other authorities affirm that an inventor is fairly entitled to any profits arising from the unforeseen applicability of his invention as an equivalent for the risk he incurs of ill success and corresponding loss. Coryt. Pat. 63, 64. Considerable stress was laid at the argument upon the words "for the purpose" as used in the claim, and the argument

assumes that the claim for that reason and on that account must be construed as one for the application of an old machine to a new purpose, and consequently that it falls within the rule that a patent issued for such a machine cannot be sustained. Granting the premises, the conclusion certainly would follow, but a full answer to that objection is to be found in the explanations already given, defining the nature of the invention, and showing that the claim is for a combination of the several devices therein described, and not of the character supposed in the argument. Those words as employed in the claim are used, in combination with others, as descriptive of the operation of the described machine and of the new and useful result it is adapted to produce, and not of any new object to which the machine was to be applied, or, in other words, the patentee introduced that phrase in connection with what precedes and follows, not as explanatory of the object to which the machine was to be applied, but as descriptive of the improvement he had made in the principles and operation of the machine for which he desired to secure letters-patent.

It is insisted by the defendant, in the second place, that the patent is void because the plaintiff has not distinguished in his claim between what was old and what is claimed as new; but upon full consideration I am of the opinion that, by the true construction of the claim, the objection is unfounded. Most of the difficulties suggested by the defendant are directly or indirectly based on what appears to the court to be an erroneous construction of the words "for the purpose," which are to be found in the claim and which have already been explained. Those explanations, if kept in view, will aid in elucidating the matter under consideration. Former attempts to make curtain-fixtures are pretty fully described by the patentee in his specification, and he also describes the imperfections in the apparatus and the difficulties that remained to be overcome, and then explains very fully the nature of his own improvement, both as regards the objects to be attained and the means of attaining them. Having fully explained these matters, he sets forth his claim as before stated, expressly disclaiming what is old, and evidently claiming the combination of the several described devices, together with the spiral spring, as an element of the combination, when used in the manner and in the described position pointed out, to balance the curtains wherever placed; that is, whether drawn fully up or let fully down, or placed at any intermediate point, which is, according to the patent, the new and useful result to be produced by the described apparatus. Whether well chosen or not, it is obvious that the words "for the purpose" are employed to describe the manner in which the spiral spring is used, and the position

when used, or, in other words, as descriptive of the principles and operation of the described combination, and not in the sense ascribed to them by the defendant. Regarded in this point of view, the language of the claim is consistent and plain to be understood, and I am of the opinion that it is the only reasonable construction that can be adopted.

In the third place, it is insisted by the defendant that the claim of the patent is ambiguous, and that the same is therefore void. Patentees are required by the sixth section of the act of the 4th of July, 1836, to describe their inventions in such full, clear, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to construct, compound, and use the same. Nothing need be added to what has already been said to show that the patentee has fully complied with that provision.

New trial is also asked upon the ground that the verdict of the jury is against the evidence, and the question is presented in some two or three forms. One or two observations upon this point will be sufficient. When evidence is given on both sides, and the verdict of the jury is satisfactory to the court, the parties must not expect an extended argument from the court in disposing of the motion for a new trial. Cases of real doubt, or where the court is dissatisfied with the verdict, of course are not included in that remark. In view of the explanations given and of the whole case, I am of the opinion that there was no error in law at the trial, and no reason for disturbing the verdict of the jury. The motion for new trial is accordingly overruled.